IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | 2:15-cr-192(1) |
| | : | JUDGE FROST |
| v. | : | |
| | : | |
| LEO DONALD DRONE, JR., | : | |
| | : | |
| Defendant. | : | |

PRELIMINARY ORDER OF FORFEITURE

WHEREAS, the Indictment (Doc. 3) returned in this action contained forfeiture a allegation (Forfeiture A) notifying Defendant Leo Donald Drone, Jr., that the United States sought the forfeiture of specific property, pursuant to 21 U.S.C. § 853, based on the conduct of Defendant Leo Donald Drone, Jr., in Counts One and Two of the Indictment, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(i), and (b)(1)(B)(viii) and 21 U.S.C. § 846, which property is fully described below ("subject property"); and

WHEREAS, on January 13, 2016, Defendant Leo Donald Drone, Jr., entered a Plea of Guilty to Count One of the Indictment[1]; and

WHEREAS, in the Plea Agreement (Doc. 58) filed on January 13, 2016, Defendant Leo Donald Drone, Jr., agreed to voluntarily surrender for forfeiture to the United States all of his right, title, and interest in any and all property used, or intended to be used, to commit, or to facilitate the commission of any of the violations described in Count One of the Indictment, including but not limited to the items listed in Exhibit 1 attached to the Plea Agreement. Defendant Leo Donald Drone, Jr., gave up any rights he may have to notice and an opportunity

---

[1] Please see Paragraph Nine of Defendant Leo Donald Drone Jr.'s Plea Agreement (Doc. 58) regarding the disposition of Count Two of the Indictment.

to be heard concerning the forfeiture and disposition of the subject property. Defendant Leo Donald Drone, Jr., further agreed not to contest the forfeiture, whether administrative, civil, or criminal of the property described in Exhibit 1 of the Plea Agreement that is the subject of Forfeiture A of the Indictment and the Bill of Particulars for Forfeiture of Property (Doc. 44) filed with the Court on November 6, 2015, in that said property was used to commit, or to facilitate the commission of the criminal activity and violations described in Count One of the Indictment. In addition, Defendant Leo Donald Drone, Jr., agreed to assist the United States to resolve in its favor any third-party claims to the subject property.

Further, Defendant Leo Donald Drone, Jr., agreed to forfeit all right, title, and interest he has in the jewelry as more particularly described in Exhibit 2 attached to the Plea Agreement (hereinafter "the jewelry"), and acknowledged that it is proceeds of the violations alleged in Count One of the Indictment. Defendant Leo Donald Drone, Jr., stated that he is the sole owner of the jewelry seized on or about August 19, 2015, from 2690 Pattenson Drive, Columbus, Ohio, and gave up any ownership rights he may have to the jewelry. Defendant Leo Donald Drone, Jr., further gave up any rights he may have to notice and an opportunity to be heard concerning the disposition of the jewelry and agreed to assist the United States to resolve in its favor any third-party claims to the jewelry. Defendant Leo Donald Drone, Jr., agreed to abandon the jewelry to the United States with the understanding that it may be destroyed, sold, used for a law enforcement purpose or otherwise disposed of by the United States. Defendant Leo Donald Drone, Jr., agreed to hold the United States, its agents and assigns, harmless and agreed not to file against the United States, its agents or assigns, any claim or action to recover the jewelry and not to contest the administrative and/or judicial forfeiture of the jewelry. Finally, Defendant Leo Donald Drone, Jr., agreed to waive the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding

notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

WHEREAS, by virtue of said Indictment, Bill of Particulars, Guilty Plea, and Plea Agreement the Court has determined that the requisite nexus exists between the subject property and Count One of the Indictment, that the subject property is forfeitable pursuant to 21 U.S.C. § 853(a)(1) and (2), and that the United States is now entitled to possession of the subject property.

Accordingly, it is hereby **ORDERED, ADJUDGED, AND DECREED:**

1. That Defendant Leo Donald Drone, Jr., shall forfeit to the United States the subject property that is:

   a) **A total of One Hundred Forty-One Thousand Three Hundred Seventy-Two and 00/100 Dollars ($141,372.00) in United States Currency seized from 2690 Patenson Drive, Columbus, Ohio;**

   b) **A total of Ninety-One Thousand Eighty-One and 00/100 Dollars ($91,081.00) in United States Currency seized form 3689 Royal Crescent, Columbus, Ohio;**

   c) **A 2012 Chrysler 300, VIN 2C3CCADT8CH136590, titled in the name of Yvette Hopkins;**

   d) **A 2013 Dodge Challenger, VIN 2C3CDYBT4DH604924, titled in the name of LT Enterprise of Ohio, LLC;**

   e) **A 2008 GMC Sierra K1500 truck, VIN 2GTEK13M981109979, titled in the name of Monique L. Gilliam;**

   f) **A total of Twelve Thousand Eight Hundred Fifty-Seven and 49/100 Dollars ($12,857.49) in United States Currency seized from PNC Bank Checking Account 0709; and**

g) **Real Property known and numbered as 56-58 South Hague Avenue, Columbus, State of Ohio, County of Franklin, with all improvements, appurtenances, attachments, and additions thereon, Parcel No. 010-015405-00, Record Owner: LT Enterprise Ohio LLC and legally described as:**

**Situated in the City of Columbus, County of Franklin, State of Ohio, and is described as follows:**

**Being Lot Number Seven Hundred Twenty-five (725) and the north one-half of Lot Number Seven Hundred Twenty-six (726) of WICKLOW EXTENSION ADDITION, as the said lots are numbered and delineated upon the recorded plat thereof, of record in Plat Book 7, page 65, Recorder's Office, Franklin County, Ohio.**

**Parcel Number: 010-015405-00**
**Property Address: 56-58 South Hague Avenue, Columbus, OH 43204**

**Except for the following and subject to all of which this conveyance is made: legal highways; zoning ordinances; real estate taxes and assessments which are now or may hereafter become a lien on said premises; covenants, conditions, restrictions and easements of record; and all coal, oil, gas, and other mineral rights and interests previously transferred or reserved of record.**

**Recorded at Instrument Number: 201402110017171.**

h) **Assorted firearms seized in this case, including but not limited to:**

1) **A Ruger, Model Mini 14, .223 caliber rifle, SN: 195-79242, including any ammunition;**

2) **A Ruger, Model P91DC, .40 caliber pistol, SN: 340-31746, including any ammunition;**

3) **A Glock GMBH, Model 22, .40 caliber pistol, SN: CNA881US, including any ammunition;**

  **4)**  A Glock GMBH, Model 43, mm pistol, SN: ZEB319, including any ammunition;

  5)  A Browning, Model Pro 9, 9mm pistol, SN: 245PN53647, including any ammunition;

  **6)**  A Keltec, CNC Industires, Inc., Mode P11, 9mm pistol, SN: A9L34, including any ammunition;

  **7)**  A Ruger, Model LCP Arizona, .380 caliber pistol, SN: 371123867, including any ammunition;

  **8)**  A Smith & Wesson, Model M&P 45, .45 caliber pistol, SN: HPZ9649, including any ammunition; and

  **9)**  A Bersa, Model Thunder 380, .380 caliber pistol, SN: C88459, including any ammunition.

**i)**  Assorted jewelry seized from 2690 Patenson Drive, Columbus, Ohio, including but not limited to:

  1)  A 14karat white gold ring with approximately two hundred thirty (230) diamonds;

  2)  A men's 14karat yellow gold ring with approximately one hundred forty-seven (147) diamonds;

  3)  A 10karat white gold link-style 38-inch necklace;

  4)  A 10karat yellow gold Turkish rope-style 25 3/8-inch necklace;

  5)  A nickel diamond bracelet with approximately four hundred forty-eight (448) diamonds;

  6)  A large diamond pendent in the shape of a capitalized, script letter "D," with approximately seven hundred thirty-two (732) diamonds;

  7)  A men's Freeze stainless steel watch set with approximately one hundred eighty-five (185) diamonds; and

  8)  A men's Brietling 1884 automatic chronometer stainless steel watch set with approximately eight hundred fifty-four (854) diamonds.

5

2. That the designated agent with Bureau of Alcohol, Tobacco, Firearms, and Explosives and/or the United States Marshals Service shall immediately seize the subject property and hold same in his secure custody and control.

3. That the United States is authorized to conduct any discovery proper in identifying, locating or disposing of the subject property in accordance with Fed. R. Crim. P. 32.2(b)(3).

4. That the United States shall publish, in accordance with the provisions of 21 U.S.C. § 853(n), notice of this Order and notice of its intent to dispose of the subject property in such manner as the Attorney General may direct.

5. The United States shall also provide written notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding in accordance with Fed. R. Crim. P. 32.2(b)(6).

6. That pursuant to Fed. R. Crim. P. 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to Defendant Leo Donald Drone, Jr., at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

7. That following the Court's disposition of all petitions filed pursuant to 21 U.S.C. § 853(n), or, if no such petitions are filed, following the expiration of the period for the filing of such petitions, the United States shall have clear title to the subject property.

8. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

ORDERED this 20th day of January, 2016.

/s/ GREGORY L. FROST
HONORABLE GREGORY L. FROST
UNITED STATES DISTRICT COURT JUDGE


Respectfully submitted,

CARTER M.STEWART
United States Attorney


s/Deborah A. Solove
DEBORAH A. SOLOVE (0024552)
Assistant United States Attorney
Attorney for Plaintiff
303 Marconi Boulevard
Suite 200
Columbus, Ohio 43215
(614)469-5715
Fax: (614)469-5653
Deborah.Solove@usdoj.gov