# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

LEO DONALD DRONE, JR.,

    Petitioner,

        v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. 2:17-CV-00266
CRIM. NO. 2:15-CR-00192(1)
JUDGE GEORGE C. SMITH
Magistrate Judge Chelsey M. Vascura

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, brings this *Motion to Vacate under 28 U.S.C. § 2255*. The sole issue remaining for this Court's review involves Petitioner's claim that he was denied the effective assistance of counsel based on his attorney's failure to file an appeal after being requested to do so. On August 23, 2018, the Court conducted an evidentiary hearing on the issue. After so doing, the Undersigned concludes that the sole remaining claim lacks merit and therefore **RECOMMENDS** that this action be **DISMISSED**.

**Facts and Procedural History**

On January 13, 2016, Petitioner pleaded guilty pursuant to the terms of his negotiated *Plea Agreement*, to conspiracy to distribute and to possess with intent to distribute heroin, in violation of 21 U.S.C. § 846 and § 841(b)(1)(B)(i). (ECF No. 55.) On April 28, 2016, the District Court imposed a sentence of 90 months imprisonment, to be followed by four years supervised release, and ordered the forfeiture of the property set forth in Forfeiture Count A, Exhibits 1 and 2 of the *Indictment*. *Judgment* (ECF No. 87.) Petitioner did not file an appeal. On April 3, 2017, he filed this *Motion to Vacate under 28 U.S.C. § 2255*. On January 18, 2018, the Court dismissed all of Petitioner's claims, with the exception of his claim of the denial of the

effective assistance of counsel based upon his attorney's failure to file an appeal, and appointed counsel to represent Petitioner at an evidentiary hearing on the issue and for resolution of the parties' factual dispute.

**Standard of Review**

In order to obtain relief under 28 U.S.C. § 2255, a petitioner must establish the denial of a substantive right or defect in the trial that is inconsistent with the rudimentary demands of fair procedure. *United States v. Timmreck*, 441 U.S. 780 (1979); *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (*per curiam*). Relief under 28 U.S.C. § 2255 is available when a federal sentence was imposed in violation of the Constitution or laws of the United States or when the trial court lacked jurisdiction, when the sentence was in excess of the maximum sentence allowed by law, or when the judgment or conviction is "otherwise subject to collateral attack." *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991). In the absence of constitutional error, the question is "whether the claimed error was a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Davis v. United States*, 417 U.S. 333, 346 (1974) (quoting *Hill v. United States,* 368 U.S. 424, 428–429 (1962); *see also Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2006). However, "'[a] § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exception circumstances.'" *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996) (quoting *United States v. Brown*, 62 F.3d 1418 (6th Cir. 1995) (unpublished)). Further, non-constitutional claims not raised at trial or on direct appeal are waived on collateral review except where the errors amount to something akin to a denial of due process. Accordingly, claims that could have been raised on direct appeal, but were not, will not be entertained on a motion under § 2255 unless the petitioner shows: (1) cause and actual prejudice sufficient to excuse his failure to raise the claims previously; or (2) that he is "actually

2

innocent" of the crime. *Ray,* 721 F.3d at 761 (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)) (internal citations omitted).

> A petitioner who entered a guilty plea must show an error of constitutional magnitude that had a substantial and injurious effect or influence on the proceedings. *Griffin v. United States*, 330 F.3d 733, 736 (6thCir. 2003)(citing *Abrahamson*, 507 U.S. at 637). Therefore, a court may only grant relief under § 2255 if the petitioner demonstrates " 'a fundamental defect which inherently results in a complete miscarriage of justice.' " *Id.* at 736 (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)). A petitioner further bears the burden of articulating sufficient facts to state a viable claim for relief under § 2255. Vague and conclusory claims which are not substantiated by allegations of specific facts with some probability of verity are not enough to warrant relief. A § 2255 motion may be dismissed if it only makes conclusory statements without substantiating allegations of specific facts and fails to state a claim cognizable under § 2255. *Green v. Wingo*, 454 F.2d 52, 53 (6thCir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6thCir. 1961).

*United States v. Noble*, No. 1:14-cr-135, 2017 WL 626130, at *3 (N.D. Ohio Feb. 15, 2017).

**Ineffective Assistance of Counsel**

"In all criminal prosecutions," the Sixth Amendment affords "the accused . . . the right . . . to Assistance of Counsel for his defence." U.S. Const. amend. VI. "Only a right to 'effective assistance of counsel' serves the guarantee." *Couch v. Booker*, 632 F.3d 241, 245 (6th Cir. 2011) (citation omitted). The United States Supreme Court set forth the legal principles governing claims of ineffective assistance of counsel in *Strickland v. Washington*, 466 U.S. 556 (1984). In order to prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate both that counsel's performance was deficient, or that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed" by the Sixth Amendment, and that this deficient performance prejudiced the petitioner. *Id.* at 687. This showing requires that defense counsel's errors were so serious as to deprive the defendant of a fair and reliable trial. *Id.*

3

The failure of an attorney to file a timely appeal upon the defendant's request constitutes ineffective assistance of counsel.

> [E]very Court of Appeals that has addressed the issue has held that a lawyer's failure to appeal a judgment, in disregard of the defendant's request, is ineffective assistance of counsel regardless of whether the appeal would have been successful or not. See *Castellanos v. United States*, 26 F.3d 717, 719 (7th Cir.1994); *United States v. Peak*, 992 F.2d 39, 42 (4th Cir.1993); *United States v. Horodner,* 993 F.2d 191, 195 (9th Cir.1993); *Bonneau v. United States*, 961 F.2d 17, 23 (1st Cir.1992); *United States v. Davis,* 929 F.2d 554, 557 (10th Cir.1991); *Williams v. Lockhart*, 849 F.2d 1134, 1137 n. 3 (8th Cir.1988). We agree with those courts and hold that the failure to perfect a direct appeal, in derogation of a defendant's actual request, is a per se violation of the Sixth Amendment.

*Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir.1998).

> [A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. *See Rodriquez v. United States*, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969); *cf. Peguero v. United States*, 526 U.S. 23, 28, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999) ("[W]hen counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit"). This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice. Counsel's failure to do so cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes.

*Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000).

**Application**

The District Court advised Petitioner about his right to appeal at sentencing. Petitioner stated that he did not desire a notice of appeal to be filed on his behalf:

> Mr. Drone, I have the obligation of advising you of your rights on appeal. You have a right to appeal your sentence and your conviction. If you cannot afford the cost of an appeal, you may apply to this Court for leave to appeal without the payment of fees

4

> and costs. The appeal must be filed within 14 days of the filing of the entry of judgment, and if you request it, the Clerk of Courts will file the notice of appeal in your behalf.
>
> First of all, do you understand that you can apply to this court for leave to appeal without the payment of fees and costs?
>
> DEFENDANT: right.
>
> COURT: Second, do you understand that you may request that the Clerk of Courts prepare and file a notice of appeal on your behalf?
>
> DEFENDANT: Yes.
>
> COURT: Finally, do you wish to have the Clerk of Courts to file that notice of appeal?
>
> DEFENDANT: No.
>
> COURT: If you change your mind, you have 14 days to file the notice of appeal. Contact Mr. Siewert or the Clerk's office through the Marshal's office. Do you understand?
>
> DEFENDANT: Yes, sir.

(PageID# 308-09.)

At the August 23, 2018 hearing, Petitioner testified that after his sentencing hearing, but before they had left the courtroom that day and as they were getting ready to leave, he told his former defense counsel, Michael H. Siewert, that he wanted to appeal his sentence to challenge enhancements. On cross-examination, Petitioner stated that he did not tell the Court that he wanted an appeal filed at that time because he was shocked about the length of the sentence that had been imposed. Petitioner acknowledged that he was aware that although he was sentenced to only 90 months, the guideline range was 262-327 months, the presentence investigation report recommended 200 months, and the Government recommended 108-135 months.

Attorney Siewert denied that Petitioner ever requested him to file an appeal. (*See Affidavit*, Michael H. Siewert, ECF No. 116-3, PAGEID # 505-07.) At the August 23, 2018

hearing, Attorney Siewart consistently testified that Petitioner never requested that he file an appeal. Mr. Siewart further testified that he had known Petitioner for a number of years and had represented him in the past. According to Attorney Siewert, Petitioner was "quite pleased" with the results he obtained at the sentencing hearing, as the sentence imposed was less than half of that recommended under the advisory United States Sentencing Guidelines. (*Id*. PageID# 505-07.) At the August 23, 2018 hearing, Attorney Siewert described Petitioner's reaction to the sentence imposed as "very happy" and "ecstatic." Upon cross-examination, Attorney Siewart acknowledged that it was "possible" that Petitioner had asked him to file an appeal and that he just did not hear the request, but that he did not think that actually happened. Attorney Siewart further testified that since the sentencing hearing, he has not had any further communication with Petitioner.

Under the terms of the *Plea Agreement*, Petitioner agreed to a two point enhancement under § 2D1.1(b)(1) for possession of a dangerous weapon; a two point enhancement under § 2D1.1(b)(12) for maintaining a premises for the purpose of distributing a controlled substance; and a two point enhancement under § 3B1.1(c) for being an organizer, leader, manager, or supervisor in the criminal activity. (ECF No. 55, PAGEID # 96-97.) Petitioner also received a two point enhancement under the provision of § 2D1.1(b)(15)(A), (E).[1] (*Sentencing Transcript,*

---

[1] U.S.S.G. § 2D1.1(b)(15)(A), (E) provides that a two point increase applies to a defendant's recommended sentence:

> If the defendant receives an adjustment under § 3B1.1 (Aggravating Role) and the offense involved 1 or more of the following factors:
>
> (A) (i) the defendant used fear, impulse, friendship, affection, or some combination thereof to involve another individual in the illegal purchase, sale, transport, or storage of controlled substances, (ii) the individual received little or no compensation from the illegal purchase, sale, transport, or storage of controlled substances, and (iii) the individual had minimal knowledge of the scope and structure of the enterprise;
>
> \*\*\*

ECF No. 101, PAGEID # 272, 280-81.) The Court overruled defense counsel's objections to application of this latter sentencing enhancement and argument that the appropriate Guideline sentence was between 87 and 108 months. (*Id*. PAGEID # 280-84, 288) Petitioner's Guideline sentence was between 108-135 months incarceration. (PAGEID # 282.)

The Court does not find Petitioner's testimony that he requested his attorney to file an appeal immediately after telling the District Court that he did not want an appeal filed on his behalf, because he was "shocked" and upset with the length of the sentence that was imposed and he wanted to challenge the sentencing enhancements, to be credible. As discussed, Petitioner had agreed to most of these sentencing enhancements under the terms of his *Plea Agreement*. Further, the Court imposed a sentence of 90 months imprisonment, a sentence that was well below the recommendation of the probation officer and his recommended Guideline sentence of between 108-135 months. The Court further finds the testimony of Petitioner's defense counsel, Attorney Siewert, that Petitioner was pleased with his sentence and that he did not at any time request for an appeal to be filed, to be worthy of credit.

For these reasons the undersigned concludes that Petitioner has failed to establish the denial of the effective assistance of counsel based on his attorney's failure to file an appeal and therefore recommends that this action be dismissed.

**Recommended Disposition**

The Undersigned **RECOMMENDS** that this action be **DISMISSED.**

---

(E) the defendant committed the offense as part of a pattern of criminal conduct engaged in as a livelihood[.]

Guidelines Manual (November 1, 2016).

## **Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE